but we'll now call the second case that's related which is Continental Casualty Company versus Culver and this is a consolidated cases 24-3491 and 24-3493 and we'll hear again. Thank you your honor again it's David Tissell again I'm here on behalf of the defendant appellants who were the victims of the mishandling of body parts in the Beecher action. I think I'm going to be briefer here and I will reserve if I can two minutes of my time for rebuttal but with my limited time I'd like to focus on three areas of error that I think are important and the first factual point the distinction here is that deck action 2 was filed by Continental after my clients obtain the assignment of gores in contract and bad faith rights under the policy. Once they receive that they were sued and then the countersuit for bad faith and breach of contract by and through Gore as a signees is what brings us here. The three points of error I'd like to focus on first it was error to dismiss Gore's bad faith claims on the erroneous legal basis that a breach of the insurance contract is necessary as a prerequisite to an insurance bad faith claim under Arizona law. That position contradicts 30-year precedent in Arizona. We've got East, we have Zillich and as the Arizona Supreme Court actually held 39 years ago in Rawlings v. Apodaca 726 p second 565 the insurance contract and the relationship it creates contain more than the company's bare promise to pay certain claims when forced to do so. Implicit in the contract and the relationship is the insurers obligation to play fair with this insured and in this case unlike the cases that that Continental tries to cite where there was no defense given and the Continental asserted its rights as the insurer to take over the litigation after Gore had been left without a lawyer for four years on the eve of trial and then once they took over that that trial they served him the same day with the deck action one to try to take away his rights creating the conflict of interest that we talked about before. The bad faith conduct that was engaged in here that we I'm not going to go through the I don't have time with my limited time to go through all the facts but the bad faith conduct that was engaged in was all based upon the control they had taken over Gore's defense in this case and then screwed it up exposing him to an extreme excess verdict and I think what's really important is the second point of error here is that we are now talking about Gore's contract rights and Gore's bad faith rights which are issues that have never been fully and fairly litigated as to Gore in any prior forum. As to Gore he was not a party to the Beecher motion that the court that Judge Thomason ruled on in Beecher and in deck action one he did not participate he was served with he wasn't actually served the lawyer that Continental hired they had him as his first order of duty accept service of the complaint against Gore and then tell Gore this isn't about you you don't have to show up and then he didn't participate in deck one but very important I don't want to lose it so I don't have time is that he was not default there was no default judgment entered against Gore because Continental chose to dismiss Gore without prejudice from deck action one. Why is that relevant? Because in the second action Continental attempted to transfer the deck action to the bad faith case over to her courtroom because she had just ruled on the motion on summary judgment saying these cases are the same and she denied that and I think her order is very telling she says quote the and I call it the bad faith action however concerns different questions of law such as Continental's bad faith the failure to defend Stephen Gore for almost four years their failure to pay and their their intentional exposure of Stephen Gore to an excess judgment and whether Stephen Gore had a right to protect himself against financial ruin by signing a Damron agreement and that order starts at three three excerpt of record 364 and the code of languages at 367 I think that is telling and that the court in district court one is saying the issues about Gore I didn't decide those I was looking at my clients standing in their own shoes going to your honor's point from the argument I just ended standing in our own shoes and and burden with the with the potential of collateral estoppel of what we had had below I was not looking at Gore's rights and I was not deciding Gore's rights here that's for the second action unfortunately the court below on the bad faith action said as to the contract claims the opposite these these issues were decided in deck action one collateral estoppel and those are out and then it and then it compounded the error by then saying that if you don't have a breach of the insurance contract that you can't have bad faith and dismiss those claims as well just to sort of button this up it seems like the collateral estoppel issue in the first place rolls over into the second case right I mean right because if we say there was no collateral estoppel in the first case then we issue the same ruling here and it has to be remanded on the collateral estoppel this is an argument that even if we say there is collateral estoppel you're saying we still get a redo on the bad faith right we we we we don't we I think I think technically the way that I presented your honor's we're not asking for a redo as to us we now stand in the shoes of gore once we have the assignment and that issue has not been fully and fairly litigated and so while I respectfully disagree with judge Humato was ruling on in the first case I'm saying accepting that she's correct I'm not but accepting that she's correct we would still have to send it back because there so help me understand I think I agree with you in principle that you the the contract claim is not coextensive with the with the bad faith claim and maybe it doesn't matter because we can't get into the merits here but help me understand why there would be a claim here if there was no duty to ensure gore even even if there's not a duty to indemnify there's a duty to play fairly with your insured and to do and to handle the defense appropriately and reasonably as an insurer and we have and why do you think that wasn't done because gore eventually well have counsel right for you it's the delay that was the problem well no the problem was is that the council was hired by Continental for gore ostensibly to defend him at the same time accepting the service in deck action one but to get to your point I'll give you a perfect example here is gore that is facing financial ruin and the evidence in the record is that on the eve of trial there was an opportunity to resolve this case well within set within policy limits and the case law in Arizona is clear that an insurance company has an obligation to equal consideration to the interest of its insured even if they have a coverage defense even if they have issues as to well we may win we may lose this in the future they have an obligation to give equal equal consideration is the actual standard to both well because I've lived with this case for too long it's it's I'm not laughing at you I'm laughing oh I know it's a big issue we have the we have the I think it's called the excess loss report from CNA and they had 12 million dollars listed in that but even if we talk about even if we say it was just 4 million for one for one period if you take the amounts that were used to pay the settlements that Gore was included in plus what was offered to settle it would still have been well within that 4 million yet they had they had internal reports from Lewis Brisbois who they had brought in to do a review and then as I as I know your honors have read the record from the questions today they had actually done a jury a mock jury that they even though they were not representing Gore they didn't tell him about it and they set him up in the in the mock jury is he's going to be the Patsy for this and let's see what happens both of those told them two things he wasn't going to get out of this trial with a defense verdict as to all defendants there were issues as to some defendants I'm sorry some plaintiffs and and and the chances was he was going to get hit with a huge massive excess verdict of 30 million dollars or more and as the record shows it actually was that and and they and the testimony from the actual adjuster a Marine Pataki and please don't ask me to spell that for the record Q is what we refer to her as her testimony was that she was assigned as the adjuster for Gore's case and she was told they would never pay any indemnity dollars to settle her to settle his case she was not asked to participate in in in discussing and I apologize and I think I've taken thank you good morning again your honors Mark Feldman for Continental and Valley Forge I have limited time on this version so I would like to jump in and directly address the points that counsel made and the reason is because they're based on fundamentally flawed and false premises the first point was that somehow the district court erred because under Arizona law there can still be bad faith even if there is no duty to indemnify that is true that is true however that was not the basis for the district courts ruling the basis for the district courts ruling was that because Gore was not an insured at all Continental did not owe him any duty but that's not true right I mean that there's no dispute that he's an insured for the period following May 2013 yes so he is an insured of Continental correct he wasn't insured for that period doesn't the Arizona case law say that there's a duty to act in good faith for the insurance company to act in good faith in their relations with an insured even when there's a dispute of coverage for certain claims yes it does so there's a May 2013 claims and if you're right then he was not an insured for that period but he was undoubtedly an insured of Continental isn't that right and so you're not I don't think you're arguing that the insurance company only owed him a duty of good faith with respect to things that claims that follow May 2013 I think I mean insurance the insurance company owes the insured a good faith with respect to all claims even if it turns out some of them are not actually covered well it is that's partially correct and partially incorrect where is it incorrect it's incorrect because in the cases we said in our brief an insurer an insurance company does owe an insured a duty of good faith has an obligation to provide a defense provide a defense in good faith it does not owe any duty to someone who's not insured even if someone is insured it does not owe a duty to settle and that is the theory that is their bad faith theory here that Continental failed to settle we're not reaching the merits of the bad faith claim we're just whether he can even proceed I I think is the question and I don't I don't think the district court to the extent the district court said he was not insured and that's why he can't proceed he was only not an insured with respect to certain claims at most to the appellants claims those are the only claims that issue in other words there are other plaintiffs from the Beecher action to whom Gore arguably qualified Continentals duty to Gore Gore was an insured of Continental correct yes but not for appellants claims and those are the only ones that issue here so for example if Continental had defended Gore which it did against claims that post dated May 2013 and Continental did something wrong with respect to those claims those plaintiffs arguably could bring a bad faith claim against Continental however it's undisputed that Continental settled all of those post May 2013 claims the only claims that remain were the claims of appellants and you can divide it once those claims were settled Gore was not an insured for those claims and if you look at the Bodart case and the other cases we said in our brief as well as and many hornbucks on insurance law once covered claims are eliminated from a suit and someone does not qualify for coverage and it's not qualified as an insured for whatever claims remain the insurance company does not owe further duties so you're correct your honor that he wasn't sure it was defended for claims of other people but those people are not here he was not an insured under the Continental policy for appellants claims and that's why the district court ruled Continental didn't owe him any duties either a duty to indemnify which was ruled on by Judge Humatewa a duty to defend or a duty of the implied covenant of good faith and fair dealing because all the cases that appellants themselves have cited state that while there could be a bad faith claim in the of a duty to indemnify they also all state that you can you owe an insurance company owes a duty of implied good faith and fair dealing only to someone who's actually an insured under the policy so your position is that these two cases rise and fall together rise or fall together meaning if we say there's no collateral estoppel in the case we just heard then this one also needs to be sent back but if we say there is collateral estoppel in the first case there's no wiggle room for us to have a different ruling in this case I agree a hundred percent with the second part of your point your honor and you slightly slightly less than a hundred percent with the first part so yes if you agree that collateral estoppel applies in the coverage action this case goes away if you decide that collateral estoppel did not apply in the first case I agree that most of this case this appeal probably goes away as well I think there's enough evidence in the record goes back to the district court goes out of this court however I do think even if the court decided collateral estoppel did not apply in case one independently based on an undisputed record the court could and should rule that at most Continental is responsible for only a 17 million dollar verdict the Delta between the 17 million dollar reduction in the verdict and the original 58.5 you would be asking us to do that in the first instance because I want to thank you for the clarification it might be a bit more than we want to ask for I wanted to answer your question and then to move on to the second point that counsel may because I think it's it's really important and it's fundamentally incorrect is they argue that Gore's rights were not determined in the coverage action and the district court recognized that was an incorrect point the district court said in fact claims contend the judge who material quote did not decide whether Gore wasn't insured under the policy and that no court had ever addressed this issue quote that not judge who material expressly addressed and decided this very issue and I think that's apparent from our earlier argument but to go to another point which is perhaps more subtle but equally important the notion that somehow Gore's claims were dismissed before the summary judgment ruling occurred in the coverage action that is incorrect if the court looks at the judgment which is the first thing in the excerpts of the record in in the coverage action it's clear that the judgment followed the summary judgment order and here's what the judgment said well first Gore was not dismissed until after the summary judgment ruling and then the district court entered judgment as follows the court said the issues have been have been considered and a decision has been rendered by the court on August 9 2021 doc 119 that's the MSJ order and the remaining claims not resolved by the court at doc 119 having been dismissed by the parties without prejudice it is ordered and adjudged that pursuant to the August 9 order judgment is entered in favor of plaintiffs to the extent of the court's order and otherwise pursuant to the parties stipulation of dismissal of remaining claims without prejudice the complaint is terminated so here's the timeline the summary judgment was brought Gore was not dismissed from the case at that time he defaulted but he did was not dismissed judging Mateo entered her summary judgment order after the summary judgment order the party stipulated to dismiss the remaining claims and judgment was entered against all parties on the issue of coverage which was the issue on the summary judgment order so Gore was in the case at the time of the MSJ order they had his assignment at that time and he was not dismissed until after that order was and I'm out of time unless the court has any other questions I'm not prepared to submit thank you thank you thank you briefly to start where counsel left off at the end we don't dispute that mr. Gore was not dismissed until after the summary judgment order but he was not participating in the first declaratory judgment action he wasn't served with motion for summary judgment that ended up being in the ruling and he did not participate in that process and under Arizona law if a party doesn't participate they have to actually litigate it for it to be fully and fairly litigated it can't be held against Gore I think what's what I only have a couple seconds left but I think what's clear here is that Gore's rights under this policy as to him as an have never been determined on the merits in any prior proceeding and when when counsel reads to you judge Shimatawa's order I think it's I think her order her words are really important she said before reaching the merits of appellants arguments as to the language of the insurance policy the court must examine whether it is precluded from reaching those issues based on the state courts decision that's the record 320 is where she said that in other words she did not rule on whether Gore had rights under the policy she was ruling as to my client standing in their own shoes and whether the Beecher order from judge Thomasson stopped us unless we had more thank you your honor I appreciate the time this morning thank you thank you to both counsel for helping us out in these actually at least complicated cases that all the cases are now submitted
judges: NELSON, LEE, SUNG